6L 703
8L 410
13L 406
2pi 615

BANK OF COMMERCE *v.* E. L. McGOWAN.

TAXES. *Bank property exempt. When.* The charter of a bank provided that it "shall pay to the State an annual tax of one-half of one per cent. on each share of its capital stock, which shall be in lieu of all other taxes," and also that the bank "may purchase and hold a lot of ground for the use of the institution as a place of business, and at pleasure sell or exchange the same, and may hold such real and personal property and estate as may be conveyed to it to secure debts due to it, and may sell and convey the same." The bank bought a lot and improved it for a place of business, but used only one floor for this purpose, renting the cellar and the second and third stories to other parties. It also bought at a trust sale under a conveyance made by one of its debtors to a trustee to secure debts due to it, three lots in satisfaction of so much of its debt. *Held,* that the realty held and used as a place of business was exempt from taxation to the extent of the assessed value of that part so used, but that the residue of the assessed value of that realty and the three lots bought in satisfaction of debt due it were subject to taxation like other similar property.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

HUMES & POSTON for complainant.

TAYLOR & CARROLL, C. W. HEISKELL and ATTORNEY-GENERAL LEA for the defendant.

COOPER, J., delivered the opinion of the court.

The charter of the Bank of Commerce provides that it "shall pay to the State an annual tax of one-half of one per cent. on each share of its capital

stock, which shall be in lieu of all other taxes."
The charter further provides that the bank "may
purchase and hold a lot of ground for the use of the
institution as a place of business, and at pleasure sell
or exchange the same, and may hold such real and
personal property and estate as may be conveyed to
it to secure debts due to it, and may sell and con-
vey the same." The bank has bought with part of
its capital stock, and owns a lot in the city of Mem-
phis, which, with the improvements thereon, it pur-
chased solely as a place of business, but only uses
the first floor for that purpose, letting the cellar and
the second and third stories to other parties for a
money rent. It has also become the owner in fee
of three other lots in the city of Memphis, which it
has continuously held since the 1st of January, 1880.
These lots were conveyed by a debtor of the bank to
a trustee to secure certain loans due to the bank, and
were, at the sale under the trust deed, bought by the
bank. The purchase was made solely to save a part
of the debt, and the lots are held for sale, and will
be sold, as soon as a reasonable price can be obtained,
to return so much of the bank's capital to its proper
channel of business. The banking house and the other
three lots have been assessed for State and county
taxes. The bank has paid the taxes under protest,
and filed this bill to recover the money. The chan-
cellor sustained a demurrer to the bill, and the com-
plainant appealed.

The same question of the liability of a banking
house to taxation under similar provisions in the bank

charter has already been before this court, and it was held that the exemption from taxation other than the specific tax prescribed only extended to so much of the building as was necessary for the use of the bank, and actually so used. Any part of the building used for other purposes would be subject to taxation: *De Soto Bank* v. *City of Memphis,* 6 Baxt., 415. The reason assigned was that the power to hold real estate is limited by the charter to the specific purpose, and cannot be extended beyond the terms of the grant. It may be added that the exemption from taxation of the corporate property, except to the extent prescribed, was in consideration of the use of the corporate capital for the purposes of the incorporation, and the contract ceased to operate when taxable property was held for any other purpose.

There is nothing in conflict with this view, as the learned counsel of the complainant seem to think, in the decision of the Supreme Court of the United States in *Farrington* v. *Tennessee,* 95 U. S., 679. It was there held that the provision in a bank charter, like the one before us, is a contract, and will protect the shares of the stockholders from additional taxation. We recognize the controlling authority of that court in such cases, and yield to its decisions. The provision in question will, therefore, protect the capital stock and the shares of the stockholders from any taxation beyond that prescribed in the charter. It may be conceded also, as a general rule, that taxation of the capital stock of a corporation may protect its property in which the capital may be invested, and

45—VOL. 6.

that taxation of the property may protect the capital stock. For, the capital stock is usually the representative of the property of the corporation, and the property the representative of the capital stock: *Hanbal, etc., R. Co.* v. *Shacklett,* 30 Mo., 558. If, under such circumstances, the stock and the property are both taxed, the taxation would be double. But the property may far exceed in value the capital stock, or the corporation may become the owner of property outside of the purposes of its incorporation. In the latter case, the authorities agree that property beyond the legitimate wants of a corporation for its corporate purposes is not within an exemption of all property from taxation: *Wilmington R. Co.* v. *Reid,* 13 Wall., 268·; *State* v. *Newark,* 1 Dutch., 315; *State* v. *Mansfield,* 3 Zab., 510; *Vermont Central R. Co.* v. *Burlington,* 28 Verm., 193.

It may be conceded, therefore, in accordance with the authorities cited and relied on by the learned counsel of the complainant, that a contract by charter for the payment of a particular tax, "which shall be in lieu of all other taxes," will protect the capital stock of the corporation, and all the property in which that capital stock may be lawfully invested for the purposes of the incorporation, from any additional taxation. But, as we have seen, an exemption from taxation, and for the same reason a limited exemption, will not exempt property beyond the legitimate wants of the corporation for the purposes of its incorporation. And, clearly, such exemption would not protect property which the corporation is without authority to

hold. If it were otherwise, the corporation might abandon the purposes for which it was created, and invest its capital in property, and extend the immunity conceded for a specific object to the exemption of that property from the common burden of government. The authorities relied on cover cases in which property was legally bought and held for corporate purposes. No case has been produced, and, perhaps, none can be, where the property was not necessary for the purposes of the incorporation, and not authorized to be held by the corporation.

We see no reason for departing from the rule laid down in the case of the *De Soto Bank* v. *City of Memphis*. In that view, the realty was exempt from taxation to the extent of the part actually used for the purposes of the banking corporation, and subject to taxation for the residue of its taxable value. The assessment seems to have been on the whole property, and the complainant may have been in fault in not having applied to the proper authorities for the proper deduction. It is also in fault in not having offered in its bill to submit to so much of the burden as it was legally liable to pay: *German National Bank* v. *Kimball*, 23 Alb. L. J., 369—a decision of the Supreme Court of the United States. The suit is, however, to recover the taxes paid, and equity will be attained by limiting the relief, on final hearing, to the tax on that part of the assessment which represents the taxable value of so much of the realty as is held and used as a place of business by the bank.

The other realty assessed for taxation was, as the

bill shows, bought by the bank at a sale made by the trustee of one of its debtors under a deed of trust or assignment for the benefit of creditors. By the purchase, the realty ceased to be trust assets, and became the absolute property of the complainant, and the complainant is holding it in order to secure an advantageous sale. The provision of the charter is that the corporation "may hold such real and personal property and estate as may be conveyed to it to secure debts due to it, and may sell and convey the same." But the realty in question was not conveyed to the bank "to secure debts due to it." It was conveyed in satisfaction of debts to the extent of the bid made at the sale. It is clearly not within the language of the charter, nor do we think it is within its spirit or intent. The object was to enable the bank to take title to land as a security for debt, not to invest its capital in land either for a longer or shorter period. Land held as security would be subject to taxation, for it would not be a part of the capital stock of the bank. Land held in the bank's own right would be subject to taxation also, unless held "for the use of the institution as a place of business."

The chancellor's decree will be reversed, the demurrer overruled, and the cause remanded for an answer and further proceedings, unless, indeed, the parties choose to agree upon a final decree in accordance with this opinion. Each party will pay one-half of the costs of this court.